SOCIEDAD AGRÍCOLA DE GURABO, RESPONDENT, v. HERNÁNDEZ
ET AL., APPELLANTS.

APPEAL from the District Court of Humacao.

No. 947.—Decided June 24, 1913.

INJUNCTION—PERMIT TO REPAIR BUILDING—RECONSTRUCTION OF BUILDING—EVI-
DENCE.—By an ordinance passed by the Municipal Council of Gurabo the appel-
lants were granted permission to reconstruct a part of their house situated
on a lot belonging to the municipality, such reconstruction to be made on the
same space and place occupied by the portion which they desired to repair.
By another ordinance of the same municipality a space of two meters is
required between two frame houses. In making the said reconstruction the
appellants extended the same beyond the limits of the part to be repaired.
The court below, on the petition of the plaintiffs, issued a temporary injunc-
tion which it afterward made perpetual, prohibiting said reconstruction. It
was held: 1. That by extending the reconstruction beyond the limits specified
in the permission the defendants violated the municipal ordinance embodying
the permission and caused damages to the plaintiff company owning the
adjoining building; 2. That the facts proven justify the granting of a per-
petual injunction by the court below and that the plaintiff company was
under no obligation to proceed against the municipality of Gurabo; 3. That
the ocular inspection made by the Municipal Council of Gurabo cannot be
taken into consideration by this court because it is in conflict with the evi-
dence introduced which should govern the decision of the case.

The facts are stated in the opinion.

Mr. Francisco González for respondent.

Mr. Eugenio Benítez Castaño for appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On May 21, 1912, the Sociedad Agrícola de Gurabo filed a
petition in the District Court of Humacao for an injunction
against Ursula Hernández de Morales and Santiago Morales
praying that the defendants, their subordinates, employes,
servants, representatives or agents, each and all be enjoined
from continuing the work which they were performing on the
south side of the house belonging to the defendants and de-
scribed in the complaint pending a decision or judgment of a
court of competent jurisdiction, and the plaintiff having asked

for a restraining order the same was granted conditional upon the filing of a proper bond, said restraining order being limited, on the motion of defendants, exclusively to the left side of the south part of their house.

A day having been set for the defendants to show cause why the injunction applied for should not be granted, they appeared at the hearing which was held on June 6, 1912, and after the complaint had been answered and the evidence introduced by both parties, the court, weighing the evidence as a whole, made the following findings of fact:

*First.* That the plaintiff and the defendants are neighboring residents of Gurabo, the former being an agricultural partnership and the latter husband and wife of lawful age.

*Second.* That the plaintiff is the owner of an urban property consisting of a one-story house, roofed with clay tiles, situated in Santiago Street of the town of Gurabo on a lot belonging to the said municipality, 14.8 meters in front by 13.7 meters in depth, the house thereon measuring 12.4 meters in front by 7.5 meters in depth; bounded on the right entering, or north, by a house of the defendants; on the left, or south, by a house of Celestino Morales; on the rear, or west, by the house of Isidoro Carrasquillo; and on the front, or east, by said Santiago Street. The plaintiff acquired the said house by purchase from the Succession of Díaz on November 7, 1911, through the agency of Manuel Seoane.

*Third.* That the defendants are the owners of a one-story frame house with clay-tile roofing situated on the corner of Santiago and Lago Streets of the town of Gurabo, bounded on the north by Lago Street; on the south by the house of the Sociedad Agrícola de Gurabo; on the east by Santiago Street; and on the west by property of Santiago Morales.

*Fourth.* That on May 15, 1912, the Municipal Council of Gurabo passed a municipal ordinance granting to the defendant, Ursula Hernández de Morales, permission to rebuild and repair the rear part of the house described in the third finding, in that part used as the dining room, kitchen and water closet,

which reconstruction was to be effected within the limits of the part to be repaired, which permit was ratified by another ordinance approved on May 31, 1912.

*Fifth.* That in accordance with said permit, the defendants began the work on their said house, pulling down and rebuilding a shed on the south side of said house on the alley lying between the plaintiff's house and defendants' house, which shed is built on the rear of the house and runs forward the length of the alley, measuring 5 feet 9 inches in width at the rear by 12 feet 7 inches in length, the width of the front part being 3 feet 1 inch. Said dimensions are marked on the plan by the letters *a* to *b, a* to *c,* and *c* to *d,* respectively.

*Sixth.* That in making the said reconstruction the defendants extended and enlarged said shed to the following dimensions: On the rear, 5 feet 9 inches; on the side extending along the alley, 20 feet 5 inches and having in front a width of 3 feet 1 inch.

*Seventh.* That the distance between the two said houses is at present 3 feet 11 inches at the rear and 7 feet 4 inches in front.

*Eighth.* That the house of the plaintiff and that of the defendants as well as the original shed have been constructed for a long time and the repairs made to said shed have not yet been completed.

*Ninth.* That the Municipal Council of Gurabo, on August 31, 1911, passed an ordinance which was approved on September 3 of the same year, section 5 of which provides that a space of 2 meters shall exist between two frame houses and that such space shall be understood to be divided into two equal parts, one meter to the servitude of each contiguous house. That this ordinance as well as those mentioned previously are in force.

*Tenth.* That the lots on which the houses of the litigants are built belong to the municipality of Gurabo, the boundaries of which have not been surveyed.

Under the foregoing facts and the conclusions of law which

the court considered applicable to the case, judgment was rendered on June 17, 1912, as follows:

"That the law and the facts are in favor of the plaintiff and against the defendant, therefore a writ of perpetual injunction will issue enjoining the defendants, Ursula Hernández de Morales and Santiago Morales, their representatives, agents, or employes, personally or by their agents, from building or allowing to be built on the south part of their house No. 29 situated on the corner of Santiago and Lago Streets of the town of Gurabo, on the part contiguous to the house of the *Sociedad Agrícola de Gurabo,* a shed or any structure of more than the following dimensions: On the rear, beginning at the corner of the house, 5 feet 9 inches wide, line *a* to *b* of the plan; on the rear, along the alley, 12 feet 7 inches in length, line *a* to *c* of the plan; on the front, a width of 3 feet 1 inch up to the wall of the house, lines *c* and *d* of the plan. The defendants are thus restrained from performing any act in connection with the said construction which is not authorized by this judgment. The costs are not specially imposed on either party."

From the foregoing judgment counsel for defendants took an appeal to this court alleging in support thereof the following grounds:

*First.* That the plaintiff has not suffered nor will suffer any damage by reason of the works of construction of the defendants.

*Second.* That the municipality of Gurabo, being the owner of the lots in question and having ratified in the exercise of its right the grant made to Ursula Hernández, even after the district court had issued the restraining order, the said court should not have intervened in the case by means of a writ of injunction.

*Third.* That the plaintiff association has no cause of action by reason of its failure to prove at the trial that the defendants had encroached upon any portion of the lot belonging to it, and because the ordinance requiring a space of 2 meters between frame houses is not applicable to the case.

*Fourth.* That in any event if the plaintiff deemed itself

injured, it should have brought an action against the municipality of Gurabo, which is the owner of the lots in question, and not against the defendants who are merely usufructuaries.

One of the findings of the court which was not denied by the appellants is that the Municipal Council of Gurabo granted them permission to reconstruct or repair the rear part of their house comprising its dining room, kitchen, and water closet, and that said reconstruction was to be made on the same space and place occupied by the portion desired to be repaired. In taking advantage of this permission, said appellants did not conform to the terms in which it was granted for in rebuilding they enlarged the shed used as dining room, kitchen, and water closet, which previously measured 12 feet 7 inches in length, to 20 feet 5 inches. By so doing they not only violated the ordinance of the Municipal Council of Gurabo embodying the permission, but caused damages to the plaintiff company to the extent that in case it desired later to rebuild its house it would be compelled to leave a space of 2 meters, which, according to section 15 of the ordinance of August 31, 1911, is required between frame houses.

The intervention of the District Court of Humacao in the case by granting the writ of injunction applied for is sufficiently justified as the defendants did not comply with the terms of the permit granted them by the Municipal Council of Gurabo to repair the house within the specified limits; and in proceeding as they did, they invaded the rights of the plaintiff and respondent.

And the plaintiff company, in view of the facts proven at the trial, has a cause of action against the defendants; because although the ordinance providing for a space of 2 meters between frame houses is not applicable to the present case, said ordinance would have to be applied if the plaintiff in the exercise of its right should wish to tear down its house and erect a new building.

There is no reason why the Sociedad Agrícola de Gurabo should have brought its action against the municipality for

the municipality has not trespassed upon any right of the said company in view of the terms of the permit granted the defendants to reconstruct the rear part of their house.

Although the Municipal Council of Gurabo stated after an ocular inspection that Ursula Hernández had complied strictly with the conditions of the concession inasmuch as she had rebuilt within the limits of the part demolished, as the result of that inspection is in open conflict with the evidence introduced in the present case, we must consider that evidence and no other in deciding this appeal.

For the foregoing reasons the judgment appealed from is affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.